UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICES;<br>MORTGAGE LAW FIRM PLC,<br><br>Defendants. | Case No.: 17cv1267-JLS (JMA)<br><br>**ORDER (1) VACATING HEARING AND TAKING MOTION FOR MORE DEFINITE STATEMENT UNDER SUBMISSION AND (2) GRANTING MOTION**<br><br>(ECF No. 2) |

Presently before the Court is Defendant's Motion for a More Definite Statement (the "Motion"). (ECF No. 2.) Plaintiff has not opposed the Motion. Accordingly, the Court **VACATES** the hearing on the matter, currently set for August 24, 2017, and takes the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Federal Rule of Civil Procedure 12(e) provides that: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of

and the details desired." "A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010) (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

The instant case was removed from state Small Claims Court, in which Plaintiff alleged only "[v]iolation of CA C.C.P. 2924.11 and 12 C.F.R. 1024.41, mortgage servicers are restricted from advancing foreclosure process if homeowner is securing a foreclosure[,]" and noted that he had "requeste[d] postponement of 5/17/17 foreclosure auction date in lieu of monetary damages for violation of CA CCP 2924 11 . . . ." (Notice of Removal Ex. 1, ECF No. 1-2.) This is insufficient to put Defendant on notice of Plaintiff's specific claims against it. *Cf. Famolare, Inc. v. Edison Bros. Stores*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (noting that "[a] motion for a more definite statement should not be granted unless the defendant cannot frame a responsive pleading" and contrasting that circumstance with when "the information sought by the moving party is available and/or properly sought through discovery"); (*see also* Mot. for More Definite Statement 3 ("Defendant does not know the actual claims at issue, when the actions occurred that gave rise to these claims, and cannot reasonably prepare a response.").) Accordingly, the Court **GRANTS** Defendant's request and **ORDERS** Plaintiff to, <u>within thirty days of the date on which Plaintiff receives this Order</u>, to file an Amended Complaint which complies with Federal Rule of Civil Procedure 8, the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and expanded in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and at a minimum states:

- A description of the alleged events upon which Plaintiff is bringing suit.
- The details of the alleged violation(s) of Cal. Civ. Code § 2924.11 and 12 C.F.R. §1024.41.
- The details concerning the nature of Plaintiff's debt, including the type of loan involved.
- Any information concerning how Defendant's acts or omissions caused

Plaintiff's alleged harm.

• The details concerning the amount of damages Plaintiff claims to have incurred as a result of Defendant's alleged wrongful conduct.

(Mot. for More Definite Statement 3.)

**IT IS SO ORDERED.**

Dated: August 21, 2017

Hon. Janis L. Sammartino
United States District Judge