UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. WHEELER,<br><br>         Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICES;<br>MORTGAGE LAW FIRM PLC,<br><br>         Defendants. | Case No.: 17-CV-1267-JLS (JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 7) |

  Presently before the Court is Defendant Specialized Loan Servicing, Inc.'s[1] Motion to Dismiss, ("MTN," ECF No. 7). Also before the Court is Plaintiff's Opposition to the Motion, ("Opp'n," ECF No. 15), and Defendant's Reply in Support of its Motion, ("Reply," ECF No. 18). After considering the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

  Plaintiff filed a Complaint against Defendant, to which Defendant filed a Motion for More Definite Statement. The Court granted the Motion, and Plaintiff filed an Amended Complaint, ("FAC," ECF No. 6).

---

[1] Specialized Loan Servicing, Inc. was erroneously sued as Specialized Loan Services.

1

Plaintiff alleges he refinanced his house in 2007. Before doing so, he negotiated with three mortgage companies in order to find a good rate. Plaintiff chose Twin Capital Mortgage after a broker from that company offered to "reimburse the fee for the home approval which was about $350." (FAC 2.)[2] When Plaintiff went to sign the loan, the rate was not what he had been expecting, but the broker "encouraged" him to sign the loan and "assured" him he would get a better loan later. (*Id.* at 3.) Plaintiff never received the $350 and when he called Twin Capital, he was told the broker that he had been working with was no longer with the company, and refused to pay Plaintiff the $350. (*Id.*)[3]

It is unclear how Defendant then became involved with Plaintiff's loan. In March 2017, Plaintiff states he submitted an application to Defendant for a loan modification, which Defendant denied. (*Id.* at 4.) Defendant informed Plaintiff he was entitled to a second independent review, and that he must submit the request no later than June 1. Plaintiff "immediately sent them a letter." The review was denied and Defendant proceeded with the sale of Plaintiff's house in May 2017. (*Id.*)

Plaintiff states the sale of his house was a violation of various provisions. First, he alleges a violation of California Civil Code § 2923.6(c), which provides "[i]f a borrower submits a complete application for a first lien loan modification . . . a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." The mortgage servicer may not notice or conduct a sell until "[t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired." Cal. Civil Code § 2923.6(c)(1). The appeal period referred to is described in Civil Code § 2923.6(d), which provides: "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
[3] Defendant argues this issue over the $350 has nothing to do with Defendant because Plaintiff alleges it was promised to him by the broker of another company. (*See* FAC 3 (Plaintiff stating the broker worked at Twin Capital).) Plaintiff does not appear to contest this and does not describe how this issue relates to Defendant, thus, the issue is irrelevant to Plaintiff's allegations against Defendant.

the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." Further, if the borrower's application for a first lien loan modification is denied, the mortgage servicer shall not notice a sale or conduct a trustee's sale until the later of 31 days after the borrower is notified in writing of the denial, or if the borrower appeals, the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered. Civil Code § 2923.6 (e)(1) & (2).

Plaintiff also alleges a violation of 12 C.F.R. § 1024.41, arguing "a borrower has the right to appeal the denial of any loan modification application [and] the borrower must be informed of the amount of time to file the appeal and its requirements." (FAC 5.)

It appears that the crux of Plaintiff's Complaint is that Defendant proceeded to sell Plaintiff's home before the appeal window had closed, thus he was rushed to file his letter for second independent review of the denial of his request for a loan modification.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint for various reasons. The Court will begin with the procedural request: Defendant requests the Court strike Plaintiff's Complaint because it is unsigned. *See* Fed. R. Civ. P. 11 (requiring every pleading to be signed by an attorney or party. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Plaintiff states he submitted a second, signed version of his Amended Complaint. (Opp'n 3.) Plaintiff is correct. The document was deemed a discrepancy by the Clerk's Office and the Court erroneously rejected the document as an identical duplicate of Plaintiff's already-filed Amended Complaint. (*See* ECF No. 9 (discrepancy rejected because the document was previously submitted and an identical document was previously accepted).) Because Plaintiff attempted to file a signed copy of his pleading, the Court does not strike the document.

///

I. **Res Judicata**

Defendant's main argument is that Plaintiff's Complaint should be dismissed pursuant to the doctrine of res judicata. (MTN 2.) Defendant states:

> On October 16, 2015, Plaintiff filed a small claims complaint alleging the same violations of Cal. Civ. Code § 2924.11 and 12 C.F.R. § 1024.41. On July 21, 2016, the parties appeared for the hearing on Plaintiff's claims, were sworn in to testify, and the court dismissed Plaintiff's action *with prejudice*. Thus, as the same claims against the same defendants, concerning the same property, have already been heard and dismissed with prejudice, Plaintiff's immediate action should also be dismissed.

(*Id.* (citations omitted).)[4] In response, Plaintiff states his small claims court lawsuit was irrelevant as of July 21, 2016. (Opp'n 4.) He states the sale of his house was cancelled, so "the lawsuit that was filed in small claims court on October 16, 2015 no longer served any purpose since there was no pending sale date on the house. The hearing on July 21, 2016 served no purpose and therefore should not have taken place." (*Id.*)

### A. *Legal Standard*

The Court applies California's res judicata rules to this matter. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (federal courts are to "apply the res judicta rules of a particular state to judgments issued by courts of that state"). Under California law, res judicata applies if (1) the previous adjudication was final and on the merits; (2) the current dispute involves the same claim or cause of action; and (3) the party against whom res judicata is being asserted against was a party or in privity with a party in the first proceeding. *Kay v. City of Ranchos Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 591–92 (Ct. App. 2010).

///

---

[4] Defendant requests the Court take judicial notice of Plaintiff's small claims court claim and the small claims court order. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (*quoting Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The Court **GRANTS** the request and judicially notices the documents. (ECF No. 7-2.)

*B. Analysis*

Plaintiff filed a small claims court claim on October 16, 2015 against Defendant. He alleged a violation of "CA CCP 2924.11 and 12 CFR 1024.41" stating "mortgage services are restricted from advancing foreclosure process if homeowner is securing a foreclosure alternative. Injunctive relief will be available prior to foreclusure [sic] sale." (*Id.* at 5.) He states the date the event occurred was July 18, 2014. The minute order from the Superior Court of California Small Claims Court is brief and states only:

> All parties as noted above and witnesses are sworn. The following parties testify: [Plaintiff and the attorneys for Specialized Loan Services and Mortgage Law Firm PLC].
> Defendant informs Court that this is second case filed by the Plaintiff and requests the Court to dismiss this case with prejudice.
> Defendant's request to dismiss with prejudice is granted.
> The Court orders the entire action dismissed with prejudice

(*Id.*)

*1. Final and On the Merits*

California Code of Civil Procedure § 116.710 states that a "plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim." Therefore, a judgment in small claims court is final and res judicata precludes future actions on the same claim or cause of action. *Sons v. McManis*, No. CIV F 08–0840 AWI TAG, 2010 WL 118391, at *7 (E.D. Cal. Jan. 8, 2010) (citing *Sanderson v. Niemann*, 110 P.2d 1025, 1026 (Cal. 1941)). The small claims court decision was final, and this element is therefore met.

*2. Claim / Cause of Action*

Res judicata precludes future actions on the same claim or cause of action as the prior case. To determine whether the same claim or cause of action is at issue, California courts employ the primary rights theory. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). "[U]nder the primary rights theory, the determinative factor is the harm suffered." *Villacres*, 189 Cal. App. 4th at 577. Thus, "a claim arises from the harm suffered, as opposed to the particular theory of the litigant.

Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1322 (9th Cir. 1998).

Both cases appear to arise from Plaintiff's allegation that Defendant unlawfully foreclosed on his house. Plaintiff's small claims court claim in 2015 alleges a violation of California Civil Code of Procedure 2924.11 and 12 C.F.R. 1024.41 and argued that Defendant may not foreclose on Plaintiff's house if Plaintiff is "securing a foreclosure alternative." (ECF No. 7-2, at 5.) Plaintiff states this happened on July 18, 2014. Plaintiff's FAC in this case appears to center around events that happened in 2017, when Plaintiff filed his application for a loan modification, and alleges Defendant unlawfully foreclosed on his house before Plaintiff's appeal window had closed. (FAC 4.)

Defendant argues that Plaintiff's original complaint in this case, (ECF No. 1), brings identical claims to the ones asserted in his small claims complaint. (*See* MTN 4.) But, Plaintiff filed an amended complaint, which supersedes his original complaint, so the Court looks only at the FAC. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). It is not clear to the Court that the small claims court cases and Plaintiff's FAC arise from the same alleged injury. Plaintiff's FAC does not mention any events in July 2014, which is when the injury allegedly occurred that led to the small claims court case. Defendant has failed to show how the two complaints arise from the same injury. *See Vella v. Hudgins*, 572 P.2d 28, 31–32 (Cal. 1977) (holding the burden of proving the elements of res judicata is on the party asserting it). Thus, this element is not met.

3. *Same Parties*

Both cases were brought by Plaintiff against Defendants Specialized Loan Servicing, Inc. and Mortgage Law Firm PLC. This element is met.

4. *Conclusion*

Because Defendant has not proven all elements under res judicata, the Court **DENIES** Defendant's Motion to Dismiss on this basis.

///

///

## II. Dismissal Pursuant to Rule 12(b)

Defendant also argues Plaintiff's Complaint fails to state a claim for which relief can be granted. (MTN 5.)

### A. Claim Under California Civil Code § 2923.6[5]

California Civil Code § 2923.6 provides that "[i]f a borrower submits a complete application for a first lien loan modification," a mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending" until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien modification, and any appeal period" has expired. Cal. Civ. Code § 2923.6(c). The statute further states that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." § 2923.6(d). If the borrower appeals the denial, then the mortgage servicer may not record a notice of sale or conduct a trustee's sale until 15 days after the denial of the appeal. § 2923.6 (e).

Here, Plaintiff alleges he received a letter on May 12, 2017 stating that his loan modification request had been denied. The letter stated Plaintiff could appeal the decision no later than June 1, 2017. Plaintiff "immediately" filed his request for appeal. The review was denied and Defendant proceeded with the sale of Plaintiff's house on May 17, 2017. (FAC 4.) Plaintiff argues Defendant proceeded with the sale of his house before the 30-day appeal period had ended. At this stage, the Court accepts this to be true, and Defendant does not contest this. But, Defendant argues that Plaintiff did in fact appeal, and Defendant sold the house after Plaintiff appealed.

Defendant does not address the 15-day time requirement under § 2923(e), but only argues that the allegations do not "indicate[] that Defendant's purported failure to provide

---

[5] This statute was repealed on January 1, 2018, but the Ninth Circuit has held that homeowners may still pursue their claims under former section 2923.6. *Wilkerson v. Nationstar Mortg., LLC*, No. 16-55388, 2018 WL 2093321, at *1 (9th Cir. May 7, 2018).

Plaintiff with more time to appeal the denial of his application had any effect on the modification process." (Reply 2.) Even though Plaintiff did send an appeal letter, this does not cure a violation of the time requirement under § 2923(e). Accepting all allegations as true, Plaintiff has pleaded a violation of California Civil Code § 2923.6. However, Defendant makes another argument in its reply brief.

Defendant argues that "it may be inferred" from Plaintiff's small claims court complaint that he has submitted at least one other application for a loan modification to Defendant in 2015. (Reply 3.) Defendant argues therefore it had no obligation to review Plaintiff's 2017 application. Pursuant to Civil Code § 2923.6(g),

> the mortgage servicer shall not be obligated to evaluate applications from borrowers . . . who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Defendant first raised this argument in its Reply, thus, Plaintiff has not had an opportunity to respond to it. However, this argument encapsulates the confusion behind this entire case: the timeline of events and how the small claims court case relates, if at all, to the current case. Defendant is correct that, although the small claims court claim is bare, with sparse allegations, it does appear to refer to Plaintiff's prior request for loan modification. Thus, Defendant was under no obligation to respond to Plaintiffs' request in 2017 absent a material change in Plaintiff's financial circumstances that was documented and submitted to Defendant. *See* Cal. Civ. Code § 2923.6(g). Plaintiff does not allege this condition was met. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss this claim, but **GRANTS** Plaintiff leave to amend his Complaint. In his second amended complaint, Plaintiff is to more clearly describe the series of events underlying his allegations against Defendant.

///

### B. Claim Under 12 C.F.R. § 1024.41

Defendant argues that while Plaintiff does not state a specific section within 12 C.F.R. § 1024.41, Plaintiff's claim must fail because Plaintiff was afforded an opportunity to appeal the denial of his application for a loan modification. (MTN 7.) It is unclear to the Court under which subsection of 12 C.F.R. § 1024.41 Plaintiff is alleging a violation. Plaintiff refers to "section (2)(c)(i)(ii)," which does not exist. Plaintiff argues this section states a borrower has a right to appeal the denial of a loan modification application and the borrower must be informed of the amount of time to file the appeal and its requirements. (FAC 5.) But, Plaintiff was granted a right to appeal the denial of his loan modification application and he states he was informed of this and that he could appeal until June 1, 2017. He did in fact send Defendant a request for a second independent review. (Opp'n 10.) Therefore, the Court **GRANTS** Defendant's Motion to Dismiss this claim. The Court again **GRANTS** Plaintiff leave to amend his Complaint and encourages Plaintiff to more clearly explain which section of this regulation he alleges was violated.

### III. Mortgage Law Firm PLC

Plaintiff has not filed any document with the Court indicating he has served the second Defendant named in his Complaint: Mortgage Law Firm PLC. In fact, it is unclear how Plaintiff's allegations relate to Mortgage Law Firm at all, as the company is not mentioned in the First Amended Complaint except in the caption. Should Plaintiff file another amended complaint, he must include any allegations he intends to assert against Mortgage Law Firm. Plaintiff must also serve Mortgage Law Firm or it will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Specialized Loan Servicing, LLC's Motion to Dismiss, but grants Plaintiff leave to amend his Complaint. Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the date on which this Order is electronically docketed. *Should Plaintiff fail to file an amended complaint*

*within the time provided, the Court may enter a final order dismissing this case with prejudice.*

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Janis L. Sammartino
United States District Judge