UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. WHEELER,<br><br>                                Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICES;<br>MORTGAGE LAW FIRM PLC,<br><br>                               Defendants. | Case No.: 17-CV-1267-JLS (LL)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(ECF No. 21) |

Presently before the Court is Defendant Specialized Loan Servicing, Inc.'s ("SLS")[1] Motion to Dismiss ("Mot.," ECF No. 21). Also before the Court is Plaintiff Richard B. Wheeler's Opposition to ("Opp'n," ECF Nos. 24, 27) and SLS's Reply in Support of ("Reply," ECF No. 25) the Motion. The Court vacated oral argument on the Motion and took the matter under submission without oral argument. ECF No. 22. After considering the Parties' arguments and the law, the Court **GRANTS** SLS's Motion.

**FACTUAL BACKGROUND**

At an unspecified date, Mr. Wheeler obtained a mortgage through "Twin Capitol Mortgage" of San Francisco. Second Am. Compl. ("SAC"), ECF No. 20, at 2. Mr. Wheeler claims that "the origination of the loan was a case of fraud," as he "was

---

[1] Specialized Loan Servicing, LLC was erroneously sued as "Specialized Loan Services."

1

induced to sign a loan that was different from the one previously offer[]e[d] by promises that went unfulfilled." *Id.* The loan was "immediately transferred" to Countrywide, and subsequently acquired by Bank of America after Countrywide "went out of business." *Id.* The loan was ultimately sold to SLS. *Id.*

In 2014, Mr. Wheeler applied for a loan modification with SLS. *Id.* at 3, 6; *see also* Request for Judicial Notice ("RJN"), ECF No. 21-1, Ex. 1 at 2.[2] In October 2015, Mr. Wheeler filed a suit in small claims court against SLS and Mortgage Law Firm PLC ("MLF") for "[v]iolation of CA CCP 2924 and 12 CFR 1024.41" on the grounds that "mortgage services are restricted from advancing foreclosure process if homeowner is securing foreclosure alternative." RJN Ex. 1 at 2. At a hearing on June 21, 2016, that Mr. Wheeler did not attend, Commissioner Peter S. Doft dismissed the action with prejudice at SLS and MLF's request. *See* RJN Ex. 2.

This action concerns a subsequent application for loan modification. *See* SAC at 3–8. In January 2017, Mr. Wheeler received a letter from SLS asking "what he wanted to do with the property" and requesting that Mr. Wheeler call SLS to discuss his options. *Id.* at 3. Mr. Wheeler called SLS and informed it that he would like to apply for a loan modification and requested that SLS send him the necessary application materials. *Id.* After Mr. Wheeler submitted the forms, he received notification from SLS in April 2017 that the completed forms had been received by SLS and were in the process of being evaluated. *Id.* at 3–4.

By letter dated May 2, 2017, SLS informed Mr. Wheeler that he had been denied any form of loan modification. *Id.* at 4; *see also* Declaration of Tadeusz McMahon

---

[2] SLS requests that the Court take judicial notice of two documents: (1) Claim and Order, *Wheeler v. Specialized Loan Servs.*, No. 37-2015-00325548-SC-SC-CTL (Cal. Super. filed Oct. 16, 2015); and (2) Minute Order, *Wheeler v. Specialized Loan Servs.*, No. 37-2015-00325548-SC-SC-CTL (Cal. Super. filed July 21, 2016). *See generally* RJN, ECF No. 21-2. Because the Court "may take judicial notice of court filings and other matters of public record, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)), the Court **GRANTS** SLS's Request for Judicial Notice.

("McMahon Decl."), ECF No. 21-1, Ex. 1.[3] The letter noted that Mr. Wheeler was 106 months delinquent on his loan, and that his total monthly obligations of $3,201.53 exceeded his monthly gross income of $914.75. *See* McMahon Decl. Ex. 1 at 16, 17.[4] The letter informed Mr. Wheeler that, "[i]f the property [wa]s [his] primary residence and this [wa]s [his] first evaluation, [he] ha[d] the right to request a second independent review to determine [his] eligibility for a loan modification." *Id.* at 18. Such a request was to be made in writing "no later than June 1, 2017." *Id.* The letter further explained that, "[i]f the property [wa]s [his] primary residence, this [wa]s [his] first evaluation, and [his] request [wa]s received in the disclosed time frame, [SLS] w[ould] not initiate or continue with any scheduled foreclosure during the review [it] ha[d] offered [him]." *Id.*

Nonetheless, SLS scheduled a sale of Mr. Wheeler's home for May 17, 2017. SAC at 4. Although Mr. Wheeler called SLS to request that the sale be rescheduled until after June 1, 2017, SLS refused to do so. *Id.* Mr. Wheeler therefore "immediately fax[ed] to SLS a one page request for an appeal." *Id.* at 4. The request was rejected and SLS proceeded to sell Mr. Wheeler's home. *Id.* at 5. MLF was "the means by which the foreclosure sale [wa]s carried out." *Id.* at 8.

## PROCEDURAL BACKGROUND

Mr. Wheeler filed suit against SLS and MLF in small claims court on May 17, 2017. *See generally* ECF No. 1-2. SLS removed, *see* ECF No. 1, and filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *See* ECF No. 2. After the Court granted SLS's motion, *see* ECF No. 3, Mr. Wheeler filed a First Amended Complaint. *See* ECF No. 6.

---

[3] Because neither side contests the authenticity of Exhibit 1 to the McMahon Declaration and because the document is expressly mentioned in—and integral to—the Second Amended Complaint, the Court incorporates the May 2, 2017 letter from SLS to Mr. Wheeler by reference. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (citing *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n.3 (1st Cir. 1991)), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

[4] Pin citations to Exhibit 1 refer to the CM/ECF page numbers electronically stamped at the top of each page.

SLS moved to dismiss Mr. Wheeler's First Amended Complaint, *see* ECF No. 7, and the Court granted SLS's motion. *See* ECF No. 19. As to SLS's argument that Mr. Wheeler's complaint was barred under *res judicata*, the Court concluded that SLS "ha[d] not proven all elements." *Id.* at 7. Nonetheless, as to Mr. Wheeler's claim under California Civil Code section 2923.6 ("Section 2923.6"), the Court held that "[SLS] was under no obligation to respond to Plaintiff's request in 2017 absent a material change in Plaintiff's financial circumstances that was documented and submitted to [SLS]," but "grant[ed] Plaintiff leave to amend his Complaint . . . to more clearly describe the series of events underlying his allegations against Defendant." *Id.* at 9 (citing Cal. Civ. Code § 2923.6(g)). The Court also dismissed Mr. Wheeler's claim under 12 C.F.R. § 1024.41, granting him leave to amend "to more clearly explain which section of this regulation he alleges was violated." *Id.* at 10.

Finally, the Court noted that "Plaintiff ha[d] not filed any document with the Court indicating he ha[d] served . . . Mortgage Law Firm PLC" and "it [wa]s unclear how Plaintiff's allegations related to Mortgage Law Firm at all, as the company [wa]s not mentioned in the First Amended Complaint except in the caption." *Id.* The Court therefore directed Mr. Wheeler to "include any allegations he intends to assert against Mortgage Law Firm" in his Second Amended Complaint and to "serve Mortgage Law Firm or it will be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." *Id.*

Plaintiff filed his operative Second Amended Complaint on June 13, 2018, *see* ECF No. 20, and the instant Motion followed on June 29, 2018. *See* ECF No. 21.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual

allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

SLS moves to dismiss with prejudice Mr. Wheeler's claims for fraud, violation of Section 2923.6, and violation of 12 C.F.R. § 1024.41 as alleged in his Second Amended Complaint. *See generally* ECF No. 21.

/ / /

/ / /

## I. Fraud

Mr. Wheeler alleges generally that "the origination of the loan was a case of fraud" because he "was induced to sign a loan that was different from the one previously offer[]e[d] by promises that went unfulfilled." SAC at 2. SLS argues that this allegation is insufficient to state any claim against it.

The Court must agree. As SLS notes, *see* Mot. at 8, "an amended complaint must be complete in itself without reference to a prior or superceding pleading." *Rentz v. Borem*, No. 11-CV-1623-IEG NLS, 2012 WL 1609941, at *3 (S.D. Cal. May 8, 2012) (citing S.D. Cal. Civ.L.R. 15.1). Mr. Wheeler's conclusory allegations in his Second Amended Complaint fail to meet the heightened pleading standard required under Federal Rule of Civil Procedure 9(b), pursuant to which, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In particular, allegations of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). When alleging that fraudulent statements were made, a plaintiff must identify the false statements and indicate why they were false. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

This Mr. Wheeler fails to do. It is not clear from Mr. Wheeler's Second Amended Complaint who made what fraudulent statements when. Accordingly, the Court **GRANTS** SLS's Motion and **DISMISSES** Mr. Wheeler's cause of action for fraud.

## II. California Civil Code § 2923.6

Section 2923.6 provides that, "[i]f a borrower submits a complete application for a first lien loan modification," a mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending" until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien modification, and any appeal period" has expired. Cal. Civ. Code § 2923.6(c). The statute further states that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence

that the mortgage servicer's determination was in error." Cal. Civ. Code § 2923.6(d). If the borrower appeals the denial, then the mortgage servicer may not record a notice of sale or conduct a trustee's sale until 15 days after the denial of the appeal. Cal. Civ. Code § 2923.6(e). Under Section 2923(g), however,

> the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g).

Section 2923.6 was repealed, effective January 1, 2018, and "reenacted with somewhat different language as section 2924.11." *See Travis v. Nationstar Mortg., LLC*, 733 F. App'x 371, 373 (9th Cir. 2018). SLS argues that the Legislature's repeal of Sections 2923.6(d) and (e) terminates Mr. Wheeler's right to relief under those provisions. *See* Mot. at 3–4. The Court previously expressed skepticism that the repeal of Section 2923.6 barred Mr. Wheeler's claim, *see* ECF No. 19 at 8 n.5 (citing *Wilkerson v. Nationstar Mortg., LLC*, 733 Fed. App'x 371 (9th Cir. 2018)), instead concluding that, under Section 2923.6(g), SLS "was under no obligation to respond to Plaintiff's request in 2017 absent a material change in Plaintiff's financial circumstances that was documented and submitted to [SLS]." *Id.* at 9. The Court therefore granted Mr. Wheeler leave to amend his complaint "to more clearly describe the series of events underlying his allegations against [SLS]." *Id.*

This Mr. Wheeler has failed to do. Despite being given the opportunity to file an amended complaint alleging in what way his financial circumstances had changed and that he had communicated that change in circumstances to SLS, Mr. Wheeler's Second Amended Complaint contains no such allegations. Consequently, whether the repeal of Section 2923.6 mandates dismissal of Mr. Wheeler's claim under that Section or not,

Mr. Wheeler fails to state a claim. The Court therefore **GRANTS** SLS's Motion and **DISMISSES** Plaintiff's cause of action under Section 2923.6.

### III. 12 C.F.R. §1024.41

In his Second Amended Complaint, Mr. Wheeler clarifies that he is asserting a claim under 12 C.F.R. §§ 1024.41(c)(1)(ii), (g), and (h)(3), on the grounds that SLS failed to (1) inform Mr. Wheeler in writing that the appeal process was not applicable, (2) provide Mr. Wheeler an adequate opportunity to appeal, or (3) conduct a review Mr. Wheeler's appeal with personnel uninvolved with the evaluation of Mr. Wheeler's application. SAC at 7–8. Section 1024.41(c)(1)(ii) provides that,

> if a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving the complete loss mitigation application, a servicer shall . . . [p]rovide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section.

12 C.F.R. § 1024.41(c)(1)(ii). Under Section 1024.41(g),

> If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable,

8

>   the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g). Pursuant to Section 1024.41(h)(3), "[a]n appeal shall be reviewed by different personnel than those responsible for evaluating the borrower's complete loss mitigation application." 12 C.F.R. § 1024.41(h)(3).

SLS counters that, pursuant to Section 1024.41(i), it had no obligation under the Code of Federal Regulations to respond to a duplicative request for a loan modification. *See* Opp'n at 5–7. SLS also contends that Mr. Wheeler cannot allege causation or damages, as required under 12 U.S.C. § 2605(f). *See* Opp'n at 7–8.

Pursuant to Section 1024.41(i),

> A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

12 C.F.R. § 1024.41(i). Mr. Wheeler concedes that he had previously submitted a loss mitigation application to SLS. *See* SAC at 3, 6. Mr. Wheeler also had been delinquent at all times since submitting his prior application, as he was delinquent for 106 months as of May 2017. *See* McMahon Decl. Ex. 1 at 16, 17. SLS was therefore under no obligation to comply with the requirements of Section 1024.41.

Mr. Wheeler nonetheless appears to raise an apparent detrimental reliance argument, contending that SLS is not prohibited from reviewing a duplicative request and, in this instance, was obligated to do so because it "initiated the process of applying for a loan

modification, accepted the application[,] and reviewed it." *See* FAC at 4. There is no indication here, however, that Mr. Wheeler relied to his detriment on any implied promise on the part of SLS to review his duplicative application for a loan modification or its appeal. *See, e.g.*, *Beck v. Wells Fargo Home Mortg., N.A.*, No. 10-CV-2150 BEN NLS, 2010 WL 5340563, at *2 (S.D. Cal. Dec. 10, 2010). The Court therefore **GRANTS** SLS's Motion and **DISMISSES** Mr. Wheeler's cause of action under Section 1024.41.

## IV. Dismissal with Prejudice

SLS requests that the Court dismiss Mr. Wheeler's causes of action against it with prejudice. *See, e.g.*, Mot. at 9. The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

This is Mr. Wheeler's Second Amended Complaint, amended following the Court's prior dismissal without prejudice of Mr. Wheeler's causes of action under Sections 2923.6 and 1024.41. *See generally* ECF No. 19. The Court provided Mr. Wheeler the opportunity to allege additional facts demonstrating that Mr. Wheeler experienced a material change in financial circumstances that he documented and submitted to SLS. *See id.* at 9. As discussed above, *see supra* Section I, Mr. Wheeler declined to do so. In light of Mr. Wheeler's prior application for a loan modification and Mr. Wheeler's decision not to address the deficiencies highlighted in the Court's prior Order, the Court determines that further amendment to these claims would be futile and therefore **DISMISSES WITH PREJUDICE** Mr. Wheeler's causes of action under Sections 2923.6 and 1024.41.

Mr. Wheeler's Second Amended Complaint, however, raises for the first time a cause of action for fraud. Although the Court has concerns as to the statute of limitations and whether Mr. Wheeler can assert such a claim against SLS and/or MLF rather than Twin Capital Mortgage, the Court will **DISMISS WITHOUT PREJUDICE** Mr. Wheeler's cause of action for fraud. Mr. Wheeler **MAY FILE** a Third Amended Complaint within

thirty (30) days of the electronic docketing of this Order. Mr. Wheeler is reminded that, should he file a Third Amended Complaint, it must be complete in and of itself and not refer to any prior pleadings. Any claim for fraud is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Failure to file a further amended complaint within the time limits proscribed will result in dismissal with prejudice of Mr. Wheeler's final remaining claim against SLS for fraud.*

## V. Mortgage Law Firm PLC

The Court previously cautioned Mr. Wheeler that, because he had not filed a proof of service, he "must . . . serve Mortgage Law Firm or it will be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." *See* ECF No. 19 at 10. The Court also cautioned Mr. Wheeler that "he must include any allegations he intends to assert against Mortgage Law Firm" in his Second Amended Complaint. *Id.*

In his Second Amended Complaint, Mr. Wheeler explains that "on the morning of May 17, 2017, when the original lawsuit was filed in small claims court in San Diego, both Specialized Loan Servicing and the Mortgage Law Firm were notified by registered mail that the suit had been filed." SAC at 8. That may be true, but Mr. Wheeler has yet to file a proof of service with this Court. Mr. Wheeler **SHALL FILE** proof of service against MLF within fourteen (14) days of the electronic docketing of this Order. *Failure to do so may result in dismissal without prejudice of Mr. Wheeler's causes of action against MLS pursuant to Rule 4(m).*[5]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Specialized Loan Servicing, LLC's Motion to Dismiss (ECF No. 20) and **DISMISSES** Mr. Wheeler's Second Amended Complaint as to Defendant Specialized Loan Servicing, LLC.

---

[5] The Court reiterates that it is unclear precisely what those causes of action are. Mr. Wheeler explains in his Second Amended Complaint that "all charges in this suit made against SLS apply equally to the Mortgage Law [Firm] since they are the means by which the foreclosure sale [wa]s carried out." SAC at 8. In the absence of any concrete allegations concerning MLF in particular, it is unlikely that Mr. Wheeler will prevail on these claims.

Specifically, the Court **DISMISSES WITH PREJUDICE** Mr. Wheeler's causes of action against Defendant Specialized Loan Servicing, LLC under California Civil Code § 2923.6 and 12 C.F.R. §1024.41, but **DISMISSES WITHOUT PREJUDICE** Mr. Wheeler's cause of action against Defendant Specialized Loan Servicing, LLC for fraud. Mr. Wheeler **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. *Should Mr. Wheeler fail to file an amended complaint within the time provided, the Court may enter an Order dismissing with prejudice Mr. Wheeler's causes of action against Defendant Specialized Loan Servicing, LLC.*

Further, Mr. Wheeler **SHALL FILE** proof of service on Defendant Mortgage Law Firm PLC within fourteen (14) days of the electronic docketing of this Order. *Should Mr. Wheeler fail to file the requisite proof of service within the time provided, the Court may enter an Order dismissing without prejudice Mr. Wheeler's causes of action against Defendant Mortgage Law Firm PLC.*

**IT IS SO ORDERED.**

Dated: December 5, 2018

Hon. Janis L. Sammartino
United States District Judge